UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian L. Williams, #275556,<br><br>                      Plaintiff,<br><br>vs.<br><br>Lee Correctional Institution Maintenance Plumbing Crew;<br>Columbia Maintenance Plumbing Crew;<br>A.J. Padula, Warden of Lee Correctional Institution;<br>South Carolina Dept. Of Corrections,<br><br>                      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C/A No. 3:08-3071-CMC-JRM<br><br><br><br>   Recommendation for<br>   Summary Remand |

      The above-captioned case was removed to the United States District Court for the District of South Carolina by the defendants in a state court action. Defendants allege in their Notice of Removal that the plaintiff seeks relief pursuant to the Constitution of the United States and federal statutes and authorities.

**<u>Discussion</u>**

      A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.

      Various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)(collecting cases); and *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D.Va. 1990).

      A plaintiff may object to the removal of a case, however, even if a plaintiff fails to object to

a Notice of Removal within thirty days after the Notice of Removal is filed, a federal district court must still remand the case to state court if there is no federal question jurisdiction or diversity jurisdiction. A federal court is not bound by the parties' characterization of a case or its appropriate parties. *Lyon v. Centimark Corporation*, 805 F. Supp. 333, 334 (E.D.N.C. 1992).

A review of plaintiff's state court complaint reveals that the plaintiff is incarcerated at Lee Correctional Institution. The plaintiff alleges that a toilet "started gushing raw sewage in the air about 4 feet high upon plaintiff personal property". Plaintiff alleges defendants were intentionally and grossly negligent. He seeks damages.

Complaints pertaining to a prisoner's conditions of confinement are routinely filed in the District Courts. These types of cases are raised pursuant to 42 U.S.C. § 1983, and may be filed in federal or state court. Since these types of cases are common, it was not unreasonable for the defendants to remove this case to federal court.

Nonetheless, deprivations of personal property, including negligent deprivations of personal property do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328-36 & n. 3 (1986). Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Ruefly v. Landon,* 825 F.2d 792, 798-94 (4th Cir.1987); and *Pink v. Lester,* 52 F.3d 73, 78 (4th Cir.1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Dep't. of Social Services,* 489 U.S. 189, 200-203 (1989).

The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property-even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison,* 782 F.2d 1182, 1183-84 (4th Cir.1986). *Yates* has been partially superannuated for cases where plaintiffs allege

deprivations of intangible interests, such as a driver's license or "liberty." *See Plumer v. Maryland,* 915 F.2d 927, 929-32 & nn. 2-5 (4th Cir.1990) and *Zinermon v. Burch,* 494 U.S. 113 (1990). Nevertheless, the holding in *Yates* is still binding on lower federal courts in the Fourth Judicial Circuit in cases involving deprivations of personal property. *Johnson v. Crenshaw*, 2008 WL 154014 (D.S.C. 2008).[1]

Under South Carolina law, Plaintiff's claims may be cognizable under SCTCA, § 15-78-10 *et seq.,* S.C.Code Ann. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Under the SCTCA, a claimant is required to file an administrative claim with the agency, department, or the State Budget and Control Board before seeking judicial relief in a Court of Common Pleas. *See* S.C.Code Ann. § 15-78-80. South Carolina case law indicates that claimants under the SCTCA must strictly comply with its requirements and must timely pursue their claims before the applicable limitations period expires. *See, e. g., Murphy v. Richland Memorial Hosp.,* 455 S.E.2d 688 (S.C.1995); and *Pollard v. County of Florence,* 444 S.E.2d 534 (S.C.Ct.App.1994).

Cases from other circuits point out that the availability of a state cause of action for an alleged loss of property provides adequate procedural due process. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See King v. Massarweh,* 782 F.2d 825, 826 (9th Cir.1986); *Slaughter v. Anderson,* 673 F.Supp. 929, 930 (N.D.Ill.1987).

There is a split of authority as to whether a magistrate judge has the authority to remand a

---

[1] Since a federal district court must deny Section 1983 relief where, as here, state law provides the plaintiff with a viable remedy, the holding in *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008), as it relates to the prohibition on *sua sponte* remands based on procedural defects in removals from state court, would have no effect on the above-captioned matter.

matter to state court. The only district court in this district to have addressed this issue in a published opinion held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co.*, Inc., 783 F. Supp. 249, 250 (D.S.C. 1992) (Hawkins, J.) ("[A] remand order is the equivalent of a dismissal. The Magistrate [Judge's] Order thus sought to effect an 'involuntary dismissal' of the action."). The Fourth Circuit Court of Appeals has not addressed the issue. *See Jonas v. Unisun Ins. Co.*, 230 F.3d 1352 (4th Cir.2000) (unpublished) ("[T]his court has not addressed whether a magistrate judge may issue an order of remand....").

Furthermore, although the United States Supreme Court has not addressed this issue directly, it has been suggested that a remand motion is functionally indistinguishable from a dispositive motion listed in § 636(b)(1)(A). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996) ("No less than an order staying a federal court action pending adjudication of the dispute in state court, [an order of remand] puts the litigants in this case effectively out of court, and its effect is precisely to surrender jurisdiction of a federal suit to a state court.") (internal quotation and citation omitted). Additionally, three federal circuit courts have addressed this matter in published opinions holding that remand motions are dispositve. *See Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001); *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); and *In re U.S. Healthcare*, 159 F.3d 142 (3d Cir. 1998).

Based on the foregoing, it is recommended that this matter be remanded to the Court of Common Pleas for Richland County. Since this is only a recommendation, IT IS ORDERED that the Office of the Clerk of Court shall <u>not</u> immediately certify this Order to the Court of Common Pleas for Richland County. If both parties in the above-captioned case fail to file written objections to this Report and Recommendation within fourteen (14) days after this document is filed, or, if either party files written objections to this Report and Recommendation within fourteen (14) days after this document is filed, the Office of the Clerk of Court, at the end of the fourteen-day period,

shall forward the case file and any objections to a United States District Judge for a final disposition.



                 Joseph R. McCrorey
                 United States Magistrate Judge

September 26, 2008
Columbia, South Carolina

*<u>The parties' attention is directed to the important notice on the next page</u>*.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).